IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARLTON LAMONT CHANEY,**
 **#04860-028,**

**Petitioner,**

vs.

**JAMES CROSS, WARDEN,**

**Respondent.**                                             Case No. 13-cv-223-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This matter is before the Court for preliminary review of the amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 6), filed on March 26, 2013. The amended petition was filed by counsel in response to this Court's Order of March 21, 2013 (Doc. 5). Counsel has since filed a memorandum in support of the § 2241 petition (Doc. 7).

Petitioner was found guilty by a jury in the Southern District of Indiana, of armed robbery and carjacking while carrying and using a firearm. In a separate jury trial, he was convicted of being a felon in possession of a firearm. He was sentenced on March 5, 1998, to a term of 430 months (Doc. 6, p. 12; Doc. 7, p. 2). The convictions and sentence were affirmed on direct appeal. *United States v. Chaney*, Case No. 98-1655, 165 F.3d 33 (Table) (7th Cir. Oct. 23, 1998). Along with the prison term, petitioner was also ordered to pay restitution. *Id*.

Subsequent to his direct appeal, petitioner sought relief pursuant to 28

U.S.C. § 2255, which included a challenge to the restitution order (Doc. 7, p. 2). The matter was remanded to the district court, which held an evidentiary hearing and ultimately denied relief. Petitioner attaches the court's Entry denying motion for relief of July 10, 2002, as Appendix A (Doc. 7-1, p. 2). Although petitioner's sentence was not altered, the court did correct its earlier determination in paragraph 30 of the Presentence Investigation Report ("PSR"), stating that "the obstruction of justice (fleeing law enforcement enhancement) enhancement pursuant to USSG § 3C1.2, was not warranted by the circumstances of the defendant's offense of armed bank robbery" (Doc. 7-1, p. 2). Petitioner attaches the referenced PSR paragraph 30 at Doc. 7-1, p. 4, which stated that petitioner "recklessly created a substantial risk of serious bodily injury or death to Mrs. Dauby" by crashing his vehicle into hers following the bank robbery. A portion of petitioner's restitution, in the amount of $10,028.57, was calculated for damage to the "Dauby vehicle," in paragraph 104 of the PSR (Doc. 7-1, p. 5).

In the instant habeas action, petitioner seeks an order vacating paragraph 104 of the PSR, and remanding the matter back to the Southern District of Indiana for correction of the restitution order. He cites the recent Supreme Court decision in *Southern Union v. United States*, 132 S. Ct. 2344 (2012), for the proposition that the sentencing court improperly imposed restitution for the Dauby vehicle. He argues that the facts on which the restitution was based were never submitted to the jury, and the jury never found him responsible for the vehicle damage. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held

that any fact (other than a prior conviction) that increases a defendant's sentence must be submitted to, and found by, the jury.  *Southern Union* applied the *Apprendi* rule to the imposition of criminal fines.  Petitioner argues that this "new rule" in *Southern Union* means that he is actually innocent of criminal liability for the Dauby restitution, and that his claim should be cognizable in a § 2241 petition because he could not have obtained relief under § 2255.

**Disposition**

Without commenting on the merits of petitioner's claims, the Court concludes that the amended petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

The Clerk is **DIRECTED** to terminate respondent United States of America as a party to the action, now that petitioner has named James N. Cross as the respondent.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

Signed this 23rd day of April, 2013.

Digitally signed by
David R. Herndon
Date: 2013.04.23
16:04:53 -05'00'

**Chief Judge**
**United States District Court**