IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLTON LAMONT CHANEY,           )
                                 )
         Petitioner,             )
                                 )
vs.                              )
                                 )   Case No. 13-cv-223-CJP[1]
JAMES N. CROSS,                  )
                                 )
         Respondent.             )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Through counsel, Carlton Lamont Chaney filed an Amended Petition Under 28 U.S.C. §2241 for Writ of Habeas Corpus. **(Doc. 6)**. Petitioner also filed a Memorandum in Support at **Doc. 7**. Respondent filed a response in opposition at **Doc. 11**.

Petitioner raises only one claim, i.e., the judgment requiring him to pay restitution in the amount of $10, 028.57, for damage to the vehicle of a witness, a Ms. Dauby, was improper because the issue was not submitted to the jury.

## Procedural History

Petitioner was convicted of a number of offenses in two separate trials in the Southern District of Indiana, arising out of a bank robbery in 1997. Chaney was charged with "armed bank robbery (count 1), carjacking (count 3), using and carrying a firearm in relation to a bank robbery and carjacking (counts 2 and 4), and two counts of unlawful possession of a firearm by a convicted felon (counts 5

---
[1] This case was referred to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 28.

and 6)." *U.S. v. Chaney*, 1998 WL 789891, * 2 (7th Cir. 1998)(unpublished order on direct appeal). His motion to sever the first four counts from the two firearm counts was granted. *Ibid*. He was convicted of counts 1 through 4 in this first trial, and of count 6 in his second trial. The Government dismissed count 5. He was sentenced to a total of 430 months in prison, and ordered to pay restitution in a total amount of $40, 299.76. *Chaney,* 1998 WL 789891, at * 3.

The involvement of Ms. Dauby (and her vehicle) was described by the Seventh Circuit as follows:

> The bank robbery was also witnessed by Donna Dauby, who was driving by the bank in her pickup truck when she saw three masked men get out of a Cadillac and run into the bank. She turned her truck around and parked, watching the bank. When she saw the three robbers run out, she called 911 on her cellular telephone and followed their car onto Inland Drive, where it pulled into a driveway. Dauby drove past and turned around, temporarily losing sight of the robbers. As she came back into view of the Cadillac and began watching it, a Chevrolet Suburban drove toward her, swerved around the Cadillac and then drove directly at her, hitting and sideswiping the truck along the length of the driver's side. Dauby drove away as fast as she could. Shortly thereafter, the Suburban crashed into the back of a residence. It was unoccupied by the time the police arrived, but police found a black mask and a pink and white pillowcase with $16,890 in cash, including the recorded bait money, in the passenger area. Also in the car were an Indiana identification card for "Jesse James" with Carlton Chaney's picture, and various car repair documents, some bearing the name "Troy Smith." Six fingerprints, later identified as Chaney's, were on the inside of one of the Suburban's windows.

*Chaney,* 1998 WL 789891, at * 1.

### **Applicable Law**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are

limited to challenges regarding the execution of a sentence.  See, **Valona v. United States**, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him.  Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction."  **Kramer v. Olson**, 347 F.3d 214, 217 (7th Cir. 2003).  The statute limits a prisoner to one challenge of his conviction and sentence under §2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. §2255(e). See, **United States v. Prevatte**, 300 F.3d 792, 798–99 (7th Cir.2002).  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction

as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)

## Analysis

Citing *Southern Union Company v. U.S.*, 132 S.Ct. 2344 (2012), petitioner argues that the restitution order is unconstitutional because the facts underlying the order were not found by a jury.

In *Southern Union*, the Supreme Court extended the rule of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), to criminal fines. Respondent argues that *Southern Union* has no effect here. The Seventh Circuit has held that restitution is a civil penalty, not a criminal punishment, to which *Apprendi* does not apply. See, *U.S. v. Bonner*, 522 F.3d 804, 806-807 (7th Cir. 2008). The Seventh Circuit considered the issue again after *Southern Union,* and reaffirmed its view that restitution is not a criminal penalty and is therefore not affected by *Apprendi* or *Southern Union*. *U.S. v. Wolfe*, 701 F.3d 1206, 1216-1217 (7th Cir. 2012).

This Court need not rule on the substantive issue, however, as it is clear that Chaney cannot bring his claim in a §2241 petition.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental

4

defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).** See also, **Brown v. Rios, 696 F3d 638, 640 (7th Cir. 2012).**

Petitioner argues that he meets the **Davenport** conditions, but his argument ignores the first requirement, that he rely on a new rule of statutory construction. **Southern Union** is not a statutory interpretation case. Rather, it is a constitutional case. **Southern Union** is an extension of **Apprendi v. New Jersey, 120 S. Ct. 2348 (2000)**. Both **Apprendi** and **Southern Union** were decided on constitutional principles, i.e., the Sixth Amendment right to trial by jury and the Fourteenth Amendment right to due process. **Apprendi, 120 S. Ct. at 2355-2356; Southern Union, 132 S. Ct. at 2349-2350.** Petitioner recognizes in his memorandum in support that **Southern Union** is a constitutional case. See, Doc. 7, pp. 5-6.

Chaney does not meet the first of the **Davenport** requirements and he cannot bring his claim in a petition under §2241. "Because Congress may have overlooked the possibility that new and retroactive statutory decisions could support collateral review, we held in *Davenport* that for this small class of situations § 2255 is 'inadequate or ineffective to test the legality of [the] detention.'" **Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002)**. See also, **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013)**("First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.'")

5

## Conclusion

Carlton Lamont Chaney's Amended Petition Under 28 U.S.C. §2241for Writ of Habeas Corpus **(Doc. 6)** is **DENIED.**  This cause of action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

DATE:  March 18, 2014.

                                                       **s/ Clifford J. Proud**
                                                       **CLIFFORD J. PROUD**
                                                       **UNITED STATES MAGISTRATE JUDGE**