IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLTON LAMONT CHANEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   Civil No.  13-cv-223-CJP[1] |
| | ) |
| **JAMES N. CROSS,** | ) |
| | ) |
| **Respondent.** | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is Petitioner's Motion to Reconsider Pursuant to Fed.R.Civ.P 59(e). **(Doc. 40)**. Respondent filed a response at **Doc. 41**.

Through counsel, Carlton Lamont Chaney filed a petition for writ of habeas corpus under 28 U.S.C. §2241. Counsel filed the instant motion, and was later granted leave to withdraw. See, **Doc. 44**.

Chaney's Amended Petition and Memorandum in Support are located at **Docs. 6 & 7**. Despite the fact that it was filed by counsel, the Amended Petition is barely intelligible. The sole ground presented in the Petition is "Since the vacatur of described conduct in paragraph 30 in pre-sentence report in the district court's July 10, 2002, Order, the $10,028.57 restitution Order is not-withstanding in paragraph 104 in the PSR." The supporting facts are described as "There was no evidence presented at trial to show petitioner there-in created a substantial risk or

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 28.

[sic] injury to another person pursuant to 3C1.2 enhancement." Doc. 6, p. 7.

In the first section of the Memorandum in Support, entitled "Parties and Issue Presented," the issue presented is described as follows:

> Petitioner brings this action, pursuant to 28 U.S.C. §2241to assert that, based upon the recent Supreme Court Opinion in **Southern Union v. United States**, 132 S.Ct. 2344 (2012) (decided June 21, 2012), neither the sentencing enhancement factors used by the Court nor the substantial restitution ordered by the Court were based upon facts found by the jury and, therefore, cannot stand. He seeks an order of this Court remanding the case to the District Court for the Southern District of Indiana for resentencing under the restrictions set out in **Southern Union, supra.**

**Doc. 7, p. 1, emphasis in original.**

***Southern Union v. United States*** is cited in the Memorandum seven more times.  See, **Doc. 7, pp. 4, 5, 6, 7 & 10**.

In the second section of the Memorandum, petitioner argues that:

> In light of the decision in **Southern Union, supra**, Mr. Chaney now asserts that the District Court's imposition of restitution in excess of $10,028.57 for Mr. Chaney's alleged obstruction of justice involving a crash with a vehicle belonging to Mrs. Dauby was never found by a jury beyond a reasonable doubt. That factual finding, therefore, was and is unconstitutional under **Apprendi v. New Jersey**, 530 U.S. 466 (2000) as is now recognized in **Southern Union, supra.**

**Doc. 7, p. 6, emphasis in original.**

In the third section of the Memorandum, petitioner argues that his claim is properly brought in a §2241 petition because he meets the criteria of ***In re Davenport***, **147 F. 3d 605 (7**[th] **Cir. 1998).  Doc. 7, pp. 9-14.**

In its Memorandum and Order denying the petition, this Court observed that ***Southern Union*** concerned criminal fines, and the Seventh Circuit has held

that restitution is a civil penalty, not a criminal punishment, to which neither ***Southern Union*** nor ***Apprendi*** apply.  The Seventh Circuit again took that position in a nonprecedential order issued yesterday in *United States v. Walter Holmich,* No. 12-3792, slip op. at 3-4 (7th Cir. April 23, 2014).  This Court went on to hold that Chaney could not bring his claim in a §2241 petition because he could not meet the first of the ***Davenport*** criteria, i.e., that he relies on a new rule of statutory construction:

> ***Southern Union*** is not a statutory interpretation case. Rather, it is a constitutional case. Southern Union is an extension of ***Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).** Both ***Apprendi*** and ***Southern* Union** were decided on constitutional principles, i.e., the Sixth  Amendment right to trial by jury and the Fourteenth Amendment right to due process. ***Apprendi,* 120 S. Ct. at 2355-2356; *Southern Union*, 132 S. Ct. at 2349-2350**.

**Doc. 38, p. 5**, emphasis in original.

Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact, or must present newly discovered evidence. ***Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir. 1996)**.  The Court has quoted at length from petitioner's Memorandum in Support because he now argues that the Court patently misunderstood the scope of his argument for habeas relief.

Petitioner's argument is surprising, to say the least.  Despite the clear statements in the Memorandum in Support, he now argues that "the absence of a jury finding . . . has nothing to do with his claim for relief from this Court." Further, he now agrees that ***Southern Union*** "does not apply to orders of

restitution." **Doc. 40, p. 7**.  He also argues that ***Davenport*** has no relevance, despite the fact that he argued in his Memorandum that ***Davenport*** permits him to bring his claim in a §2241 petition.

The arguments advanced in petitioner's Rule 59(e) motion are frivolous. Accordingly, Petitioner's Motion to Reconsider Pursuant to Fed.R.Civ.P 59(e) **(Doc. 40)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  April 24, 2014.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**